UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00489-MOC

| | | |
|---|---|---|
| **RICHARD D. ANDERSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES LIFE INSURANCE COMPANY;** | ) ) | |
| **AMERICAN GENERAL LIFE INSURANCE COMPANIES;** | ) ) | |
| **AMERICAN MEDICAL ASSOCIATION INSURANCE AGENCY, INC.; AND** | ) ) | |
| **WELLS FARGO BANK,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on a letter (#63) from John R. Anderson ("Mr. Anderson") seeking leave and guidance in appearing as counsel for plaintiff, his father, herein. Mr. Anderson is a member in good standing with the Bar of the State of North Carolina as well as the Bar of this court. He seeks guidance inasmuch as Dr. Anderson initially named him as a co-plaintiff as Mr. Anderson is either a named or potential beneficiary of the Trust which holds the policy at issue.

Preliminary review of Rule 1.7 of the North Carolina Rules of Professional Conduct does not reveal a facial conflict of interest which prohibits such representation inasmuch as the attorney's interest in this litigation (as a potential beneficiary of the Trust holding the policy) is in line with the interest of the real party in interest, Dr. Anderson. The court has also considered the application of Rule 1.8(i), which provides that a "lawyer shall not acquire a *proprietary* interest in the cause of action or subject matter of litigation the lawyer is conducting for a client .

1

. . ." N.C.R.P.C. 1.8(i) (emphasis added). Note 16 to Rule 1.8 provides that "the lawyer must reasonably believe that the representation will not be adversely affected after taking into account the possibility that the acquisition of a proprietary interest in the client's cause of action or any res involved therein may cloud the lawyer's judgment and impair the lawyer's ability to function as an advocate. The lawyer must also disclose the risks involved prior to obtaining the client's consent." Id. Not knowing the terms of the trust or the assets it holds, it is difficult to equate the lawyer's interest as a beneficiary of the Trust as a "proprietary interest." Further, the common-law problem with champerty and maintenance, which such rules seek to avoid, do not appear to be at play in this matter as the lawyer's potential interest in the outcome appear to have formed well before this action was filed.

Thus, the court's brief review of ethical rules suggests that Mr. Anderson's request to appear as counsel for Dr. Anderson is ethically sound. Further, the court will allow such appearance as it appears that Mr. Anderson is the only attorney willing to assist Dr. Anderson and such appearance will further the speedy resolution of this matter as demonstrated in the request. Finally, because the court's research was by no means exhaustive, the court will leave open the possibility of a Motion to Disqualify if counsel for defendants have a specific concern or find a rule or ethic's opinion prohibiting such representation.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Mr. Anderson letter is deemed a Notice of Appearance, and the court notes that Dr. Anderson is now represented by Mr. John R. Anderson, a member of the Mecklenburg County Bar and the Bar of this Court. The hearings scheduled for July 15 and 17 are cancelled.

Signed: July 7, 2014

Max O. Cogburn Jr.
United States District Judge